### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **CARMEN BELEM PIMENTEL ALCOCER**, an individual, on behalf of herself and all others similarly situated,<br><br>            **Plaintiff**,<br><br>v.<br><br><br>**CREDIT UNION OF GEORGIA**,<br><br>            **Defendant**. | **Case No.:**<br><br>**COMPLAINT - CLASS ACTION** |

Plaintiff Carmen Belem Pimentel Alcocer ("Plaintiff" or "Plaintiff Pimentel"), individually and on behalf of all others similarly situated, makes the following allegations, based on information and belief, against Defendant Credit Union of Georgia ("Defendant" or "CUGA"):

### INTRODUCTION

1.      Defendant CUGA follows a policy of denying full access to financial products to applicants who are not United States citizens or Lawful Permanent Residents ("LPRs"), including those who have Deferred Action for Childhood Arrivals ("DACA") status.

2.     Plaintiff Pimentel and members of the Class she seeks to represent are unable to access Defendant's loan products because of their alienage or lack of U.S. citizenship.  Plaintiff brings this case against CUGA for unlawful discrimination on the basis of alienage in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331.

4.     This Court may issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

6.     Plaintiff Carmen Belem Pimentel Alcocer is a resident of Cherokee County, Georgia and has lived in the United States since 1999.  She arrived in the United States from Mexico when she was nine years old.  She currently works as a Service Administrator at a car dealership in Atlanta, Georgia.

7.    Plaintiff Pimentel has been a DACA recipient for twelve years.  As a DACA recipient, Plaintiff Pimentel received authorization to work in the United States and a Social Security Number.

8.    Plaintiff Pimentel has been a CUGA member since 2021 and has a high-yield savings account and an auto loan with Defendant.  Plaintiff Pimentel resided in Cherokee County, Georgia on the date she applied for a loan that Defendant unlawfully denied her.

9.    Defendant subjected Plaintiff and members of the Class she seeks to represent to discrimination in violation of federal law as described in this Complaint.

**Defendant**

10.    Defendant Credit Union of Georgia is a state-chartered credit union headquartered in Kennesaw, Georgia.

11.    Defendant maintains a principal office located at 4178 Jiles Road, Building 100, Kennesaw, Georgia 30144.

12.    Defendant offers a range of financial and credit products, including savings and checking accounts, as well as home loans, student loans, personal loans, mortgages, and auto loans.

## STATEMENT OF FACTS

13.     Plaintiff Pimentel brings this action on behalf of herself and the members of the proposed Plaintiff Class.  The Class seeks damages, and declaratory judgement, and injunctive relief.

14.     Plaintiff Pimentel has been a recipient of DACA for twelve years.  In that time, she has continuously possessed an employment authorization card and a Social Security Number.  As a DACA recipient, Plaintiff Pimentel can renew her work authorization.

15.     In 2021, Plaintiff Pimentel became a CUGA member and opened a savings account with Defendant.  In April, 2022, she received an auto loan from Defendant.

16.     On information and belief, in January 2024, Defendant amended its policies and regulations.  Under the amended policies and regulations, Defendant does not lend to applicants who are not United States citizens or Lawful Permanent Residents (LPRs).

17.     In May 2024, Plaintiff Pimentel applied for an auto loan with Defendant CUGA for a new car.  Plaintiff completed Defendant's online application.  When the application asked whether Plaintiff was a U.S. citizen, she

selected not a U.S. Citizen.  She submitted her application without specifying her immigration status.

18.    On May 3, 2024, Plaintiff Pimentel received a phone call from a representative of Defendant asking if Plaintiff had a green card.  Plaintiff responded that she did not have a green card, but that she is a DACA recipient.  At this point, the representative informed Plaintiff Pimentel that Defendant CUGA was unable to proceed further with her auto loan application.  The representative stated that Defendant amended its policies in January 2024 and now exclusively approves loans for U.S. citizens and LPRs.  The representative stated that because Plaintiff was neither a U.S. citizen nor an LPR, she was not eligible for an auto loan under CUGA policies.

19.    On May 16, 2024, Plaintiff Pimentel received an "Adverse Action Notice" from Defendant CUGA dated May 3, 2024.  The Notice includes a checked box that states, "We are unable to extend credit to you at this time," and another checked box that indicates that the "principal reason" Defendant denied Plaintiff's application was because she was a "Non-Perm Resident."  The Notice also indicated Pimentel had a credit score of 699.

20.    As a result of CUGA's refusal to consider Plaintiff for an auto loan, on May 13, 2024, Plaintiff Pimentel purchased a used 2018 Mercedes-Benz

E400W4 through her employer, and secured financing through Mercedes-Benz Finservusallc. Plaintiff was approved for a 72-month loan of $39,356.64. Plaintiff's monthly payment is $546.62 and her interest rate is 8.89%.

21.    Plaintiff Pimentel suffered harm from CUGA's denial of her auto loan application on the sole basis of her alienage. This denial caused Pimentel to feel the deleterious effects of discrimination and to suffer harm, including actual damages, emotional distress for which she sought tele-therapy, and other negative effects.

22.    CUGA's denial of Plaintiff Pimentel's application because of its limited and arbitrary alienage requirement violates 42 U.S.C. § 1981.

23.    There is an actual and substantial controversy between Plaintiff Pimentel and CUGA.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff Pimnetel incorporates by reference the allegations raised in all preceding paragraphs.

25.    Plaintiff Pimentel brings this action on behalf of herself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure.

26.    Plaintiff Pimentel seeks to represent the following Class, composed of, and defined as follows:

> All persons who resided in the United States at the relevant time that
> they applied for or attempted to apply for a loan product from CUGA,
> and who were denied full and equal consideration for the loan prouct
> by CUGA on the basis of alienage.

27.     Plaintiff Pimentel may amend the above class definition as this Court may permit or require.

28.     This action has been brought and may be properly maintained as a class action because all class-treatment prerequisites are met under Rule 23 of the Federal Rules of Civil Procedure.

**Rule 23(a)(1) – Numerosity**

29.     The potential members of the Class as defined are so numerous that joinder would be impracticable.  On information and belief, Plaintiff believes the Class is well in excess of 40 persons.

30.     With discovery, the actual size of the Class will be better ascertained. The names and addresses of many potential Class Members are available to Defendant.

31.      Notice can be provided to the potential Class Members via first class mail, using techinques and a form of notice similar to those customarily used in class-action lawsuits, as well as through published notice for those unknown to Defendant.

**Rule 23(a)(2) – Common Questions of Law and Fact**

32.     There are questions of law and fact common to the Class that predominate over any questions affecting only Plaintiff or any other individual Class Members.  These common questions of law and fact include, without limitation:

a.     Whether it is Defendant's policy or practice to reject applicants for full consideration for financial products on the basis of alienage;

b.     Whether Defendant violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and the Class Members on the basis of alienage;

c.     Whether Plaintiff and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

d.     Whether Plaintiff and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

33.     The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of federal laws and statutes as alleged here.

34.     Plaintiff's claims are representative and co-extensive with the claims of Class Members.

**Rule 23(a)(4) – Adequacy of Representation**

35.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of Class Members.

36.    Plaintiff has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

37.    Under Rule 23(b)(2), class certification is appropriate because CUGA has acted and/or refused to act on grounds generally applicable to the Class Members.  CUGA's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

38.    CUGA excludes Class Members outright from loan products on the basis of alienage.  The Class Members are entitled to declaratory, equitable, and injunctive relief to end CUGA's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

39.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate

over any questions affecting only individual Class Members.  Each Class Member

has been injured and is entitled to recovery by reason of Defendant's unlawful

policies and practices of discriminating on the basis of alienage and denying full

and equal access to Defendant's loan products.

40.    No other litigation concerning this controversy has been commenced

by or against Class Members.

41.    Class action treatment will allow similarly-situated persons to litigate

their claims in the manner that is most efficient and economical for the parties and

the judicial system.  It is unlikely that Class Members have any interest in

individually controlling separate actions in this case.

42.    Damages are capable of measurement on a class-wide basis.  Plaintiff

and Class Members will rely on common evidence to resolve their legal and factual

questions, including the applicable policies and practices during the relevant

period.

43.    Plaintiff is unaware of any difficulties that are likely to be

encountered in the management of this action that would preclude its maintenance

as a class action.  The benefits of maintaining this action on a class basis far

outweigh any administrative burden in managing the class action.  Conducting the

case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CLAIM FOR RELIEF

### Alienage Discrimination (42 U.S.C. § 1981)

44.    Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-44 as if fully set forth here.

45.    Plaintiff Pimentel brings this claim on her own behalf and on behalf of the Class.

46.    Plaintiff Pimentel and Class Members are persons within the jurisdiction of the United States.

47.    Plaintiff Pimentel and Class Members are non-U.S. citizens.

48.    Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

49.    Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

50.    Defendant intentionally discriminated against Plaintiff Pimentel and Class Members on the basis of their alienage by denying them the opportunity to receive full consideration for the credit union's loan products.

51.     Defendant intentionally discriminated against Plaintiff Pimentel and Class Members by interfering with their right to make and enforce contracts for loan products on the basis of their alienage.

52.     Plaintiff Pimentel and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here.  Plaintiff Pimentel and Class Members demand damages, and request that the Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's alienage and to prevent further violations of 42 U.S.C. § 1981.

53.     Plaintiff Pimentel and Class Members are now suffering, and will continue to suffer, irreparable injury from CUGA's discriminatory acts and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pimentel and the Class she seeks to represent request the following relief:

i.      Certification of the case as a class action on behalf of the proposed Class Members;

ii.     Designation of Plaintiff Pimentel as class representative on behalf of the Class;

iii.    Designation of Plaintiff's counsel of record as Class Counsel;

iv.     Declaratory judgment that Defendant's policies and practices

         complained of here are unlawful and violate 42 U.S.C. § 1981;

v.      Preliminary and permanent injunction against Defendant and its

         officers, agents, successors, employees, representatives, and any and

         all persons acting in concert with them, from engaging in each of the

         unlawful policies and practices complained of here and described in

         the preceding paragraphs;

vi.     Award of compensatory damages to Plaintiff Pimentel and Class

         Members in an amount to be determined;

vii.    Costs incurred, including reasonable attorneys' fees and costs to the

         extent allowable by law;

viii.   Pre-judgment and post-judgment interest, as provided by law; and

ix.     For such other and further relief as the Court deems just and proper.


Dated: April 3, 2025

                                        Respectfully submitted,

                                        /s/ Mark Begnaud
                                        Mark Begnaud
                                        Georgia Bar No. 217641

Attorney for Plaintiff and the
Proposed Class
ESHMAN BEGNAUD, LLC
315 W. Ponce De Leon Avenue,
Suite 775
Decatur, GA 30030
Telephone: (404) 665-9601
Email:
mbegnaud@eshmanbegnaud.com

Michael J. Eshman
Georgia Bar No. 365497
Attorney for Plaintiff and the
Proposed Class
ESHMAN BEGNAUD, LLC
315 W. Ponce De Leon Avenue,
Suite 775
Decatur, GA 30030
Telephone: (404) 665-9601
Email:
meshman@eshmanbegnaud.com


Andrea Senteno*
D.C. Bar No. 90032888
Attorney for Plaintiff and the
Proposed Class
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
1016 16th Street NW, Suite 100
Washington, DC 20036
Telephone: (202) 293-2828
Email: asenteno@maldef.org

Sebastian T. Alarcon*^
California Bar No. 357277

Attorney for Plaintiff and the
Proposed Class
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
1016 16th Street NW, Suite 100
Washington, DC 20036
Telephone: (202) 293-2828
Email: salarcon@maldef.org

*Motion for pro hac vice forthcoming
^ Admitted in California only

**Attorneys for Plaintiff and the
Proposed Class**